UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DEMAURY HAYWOOD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:19-cv-04823-SEB-DML |
| ) | |
| DUSHAN ZATECKY, ) | |
| ) | |
| Respondent. ) | |

**ENTRY DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Demaury Haywood's petition for a writ of habeas corpus challenges his conviction in prison disciplinary case ISR 18-12-0154. For the reasons explained in this Entry, Mr. Haywood's petition must be **denied**.

**I. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

## II. The Disciplinary Proceeding

ISR 18-12-0154 began with the following conduct report, written December 17, 2018, by Sergeant J.C. Jackson:

> On the above date and time I Sgt. J.C. Jackson was conducting a strip search on Ofd. Haywood 201459 (14-4C) who was being transferred from New Castle Corr Facility to ISR. After numerous attempts to get Ofd Haywood to comply with the strip search, he complied with my orders. I saw that Ofd. Haywood had some type of contraband in his anal cavity and I immediately told him to give it to me. He then handed me a small bundle of suboxone wrapped in plastic and 7 pieces of carbon fiber paper wrapped in plastic.

Dkt. 11-1.

On December 19, 2018, Mr. Haywood received notice that he was charged with trafficking in violation of Code 113. Dkt. 11-3. Mr. Haywood requested that the substance be tested to verify whether it was contraband. *Id.* That request was denied.

ISR 18-12-0154 proceeded to a disciplinary hearing on January 3, 2019. Dkt. 11-6. According to the hearing officer's report, Mr. Haywood made the following statement in his defense:

> Can drop to a B. I don't want to lose good time. Should be a B and not an A. It is possession. A is anything that has to do with someone outside of offender.

*Id.* The hearing officer found Mr. Haywood guilty of trafficking based on the conduct report and Mr. Haywood's statement. *Id.* The hearing officer explained, "Conduct is clear. Trafficking because offender brought substance from another facility, in his person." *Id.* The hearing officer assessed sanctions, including a loss of earned credit time and a demotion in credit-earning class. *Id.*

In response to an administrative appeal, the Indiana Department of Correction (IDOC) modified Mr. Haywood's offense to the lesser charge of possessing a controlled substance. Dkt. 11-8. The IDOC also decreased Mr. Haywood's sanctions. *Id.*

### III. Analysis

Mr. Haywood asserts two challenges to his disciplinary conviction: that the prison staff wrongly denied his request to have the substance tested, and that the conviction was not supported by sufficient evidence.[1] The Court cannot grant Mr. Haywood's petition on either basis.

**A.     Denial of Testing**

Due process requires "prison officials to disclose all material exculpatory evidence," unless that evidence "would unduly threaten institutional concerns." *Jones v. Cross*, 637 F.3d 841, 847 (7th Cir. 2011). Additionally, "[a]dministrative decisions resting on chemical analysis typically require both the test results and a chain of custody linking those results to the particular prisoner." *Ellison*, 820 F.3d at 275 (citing *Webb v. Anderson*, 224 F.3d 649, 652–53 (7th Cir. 2000)). However, "[p]rison administrators are not obligated to create favorable evidence or produce evidence they do not have." *Manley v. Butts*, 699 F. App'x 574, 576 (7th Cir. 2017). Accordingly, prison administrators do not deny an inmate due process by refusing to test a substance in the first place. *See id.* (holding that petitioner "was not entitled to demand laboratory testing" of substance alleged to be methamphetamine); *United States v. Sanapaw*, 366 F.3d 492, 496 (7th Cir. 2004) ( Even in criminal proceedings, "neither expert testimony nor a chemical test" is required to verify the composition of a substance.).

Had the prison staff tested the items confiscated from Mr. Haywood, due process would have entitled him to review the test results. However, due process did not require the prison staff to test the materials in the first place. The prison staff's refusal to test the materials does not warrant habeas relief.

---

[1] In his reply, Mr. Haywood withdrew his third argument, that the prison staff failed to notify him of his due process rights. *See* dkt. 14 at 15.

B.   **Sufficiency of Evidence**

Mr. Haywood argues that the evidence against him was insufficient in two respects. He reiterates that the prison staff never tested the contraband to verify that it was a controlled substance, and he adds that the photographs of the contraband, dkt. 11-2, were not clear enough to identify it as a controlled substance.

A disciplinary conviction "need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274. The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is *any evidence* in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455–56 (emphasis added). *See also Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted).

Two pieces of evidence supported the conclusion that Mr. Haywood possessed a controlled substance. First, Sergeant Jackson identified the substance as suboxone and documented that observation in his conduct report. Dkt. 11-1. Second, Mr. Haywood argued at his hearing that his charge should be reduced to "possession." Dkt. 11-6. This statement supports the conclusion that Mr. Haywood possessed a controlled substance.

Due process only requires *some evidence*—not proof beyond a reasonable doubt—to support a disciplinary conviction. This Court may not "reweigh the evidence underlying the" disciplinary conviction or "look to see if other record evidence supports a contrary finding." *Rhoiney*, 723 F. App'x at 348 (citing *Webb*, 224 F.3d at 652). A chemical test or clearer pictures

4

might have lent additional support to the disciplinary conviction, but they were not necessary. Other evidence supported the disciplinary conviction, and that is all due process required.

### IV. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. Mr. Haywood's petition does not identify any arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions that entitles him to the relief he seeks. Accordingly, Mr. Haywood's petition for a writ of habeas corpus must be **denied** and the action **dismissed with prejudice.** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 10/29/2020

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

DEMAURY HAYWOOD
201459
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064

Benjamin Myron Lane Jones
INDIANA ATTORNEY GENERAL
benjamin.jones@atg.in.gov